# IN THE COURT OF APPEALS OF IOWA

No. 18-1163
Filed May 15, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEAN DAVID GEARY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Patrice Eichman, District Associate Judge.

Dean Geary appeals from judgment and sentence entered upon his plea of guilty to assault causing bodily injury or mental illness. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Jonathon Muñoz of Nidey, Erdahl, Fisher, Pilkington & Meier PLC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Bower, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Dean Geary appeals from judgment and sentence entered upon his written plea of guilty to assault causing bodily injury or mental illness, in violation of Iowa Code section 708.2(2) (2018).[1]  Geary contends his written plea should be set aside for failure to substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(d)—he argues the district court failed to him inform him of the consequences of his plea.  However, Geary's written guilty plea complied with the required advisory concerning the need to file a motion in arrest of judgment in order to challenge his plea.  *See* Iowa Rs. Crim. P. 2.8(2)(d), 2.24(3)(a).  Geary filed no motion in arrest of judgment and, thus, waived his right to challenge the guilty plea.[2]  *See State v. Barnes*, 652 N.W.2d 466, 467–68 (Iowa 2002).

Geary also asserts the court abused its discretion in failing to properly consider statutory factors in sentencing him.  We review the district court's sentencing decision imposing a sentence within the statutory limitations for an abuse of discretion.  *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015).  "In exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'"  *Id.* (citation omitted).  The district court must provide the reasons for its sentencing decision on the record so that "a reviewing court will be able to assess whether there has been an abuse of discretion."  *Id.* at 407.  "[A] 'terse and succinct'

---

[1] Geary waived formal reporting of the proceedings.
[2] Geary raises no claim of ineffective assistance of counsel.  Any such complaints may be raised in postconviction-relief proceedings.

statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *Id.* at 408 (citation omitted).

When a defendant waives the reporting of the sentencing hearing, we look to the sufficiency of the district court's written sentencing order. *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014). The use of computerized sentencing forms is not improper so long as we are able to discern whether the court properly exercised its discretion. *See id.* ("In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence. If the choices in the order need further explanation, the judge can do so by writing on the order or adding to the order using a word processing program.").

Here, the district court's written sentencing order includes the following list rather than a series of checked boxes:

> Reasons for sentence:
> Nature of offense
> Plea agreement
> Prior record
> Employment Age

The sentencing order does not indicate the court considered the defendant's character, propensities, or chances for reform. *Cf. Thacker*, 862 N.W.2d at 405. However, there is no requirement the court recite every factor considered. *See, e.g., State v. Mathews*, No. 17-0519, 2018 WL 2084831, at *2 (Iowa Ct. App. May 2, 2018) ("[T]he district court need not specifically state every possible sentencing factor."). Perhaps as the State argues, consideration of these factors might be inferred. However, the brevity of the court's sentencing order—in

conjunction with the lack of record from the sentencing hearing—impedes appellate review of the court's exercise of discretion. Further, concerning the court's consideration of a "plea agreement," Geary's written guilty plea notes: "This guilty plea is entered without any agreement with the [S]tate's attorney in regards to the charges against me or my sentence." The record is devoid of any details of a plea agreement. We are left to speculate as to whether there was a plea agreement or what terms may have been considered by the court. *See Thacker*, 862 N.W.2d at 410 (vacating a sentence and remanding for resentencing where the record failed to include the details of a plea agreement and, thus, it was unclear if the court was merely giving effect to the parties' plea agreement or independently exercising its discretion); *see also State v. Broughton*, No. 17-0016, 2017 WL 6513969, at *2 (Iowa Ct. App. Dec. 20, 2017) (remanding where the court was unable to determine whether the district court properly exercised its discretion in sentencing). Because we are unable to determine whether the district court properly exercised its discretion in sentencing Geary, we vacate the sentence and remand for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**